IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

FRANK SOLOMON FEDD, SR.

          Plaintiff

   VS.

BRIAN OWENS, *et al.,*

          Defendants

**NO. 1:09-CV-52 (WLS)**

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## RECOMMENDATION

Plaintiff FRANK SOLOMON FEDD, SR. has filed a motion seeking a preliminary injunction. Tab #4. In his motion, he requests an order directing officials of the Georgia Department of Corrections to arrange for liver transplant evaluations for him at all appropriate medical facilities within 250 miles of his place of incarceration. He alleges that he suffers from stage 4/4 cirrhosis of the liver and must have a liver transplant as soon as possible to prolong his life.

In order to obtain injunctive relief, the plaintiff must prove that: (1) there is a substantial likelihood that he will prevail on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, would not be adverse to the public interest. *Zardui-Quintana v. Richard*, 768 F.2d 1213, 1216 (11th Cir. 1985); *Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 909 F.2d 480, 483 (11th Cir. 1990). Injunctive relief will not issue unless the conduct at issue is imminent and no other relief or compensation is available. *Cunningham v. Adams*, 808 F.2d 815, 821 (11th Cir. 1987).

A review of the plaintiff Fedd's motion reveals an inadequate basis for granting injunctive relief: he has not established that he is entitled to injunctive relief, i.e., that there is a substantial likelihood of success on the merits or resulting irreparable harm, or that no other relief is available to address his alleged injuries.  Although plaintiff has submitted medical documentation indicating that he suffers from stage 4/4 cirrhosis, he has failed to establish that liver transplant evaluation is necessary at this point in time to avoid irreparable harm;  nor has he established that no other relief is available to address his alleged injuries.

Accordingly, **IT IS RECOMMENDED** that the plaintiff's MOTION FOR INJUNCTIVE RELIEF be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, **WITHIN FOURTEEN (14) DAYS** of receipt thereof.

**SO RECOMMENDED**, this 28th day of DECEMBER, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE